UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Albert Paul Knott, Jr., | ) | Case No. 04 B 36327 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable John D. Schwartz |
| _____ | ) | |
| | ) | |
| Daren Wagner, | ) | Adv. No. 05 A 00952 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Albert Paul Knott, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter comes before this court on the motion filed by debtor and defendant, Albert Paul Knott, Jr. ("Knott") to dismiss the Objection to Discharge Pursuant to 11 U.S.C. §727(a)(2) filed by plaintiff Daren Wagner ("Wagner"). The document titled Objection to Discharge Pursuant to 11 U.S.C. §727(a)(2) is in substance and form an adversary complaint and will be treated as such by this court. The motion will be granted.

### Facts

The complaint describes the facts as follows. In 2001, the parties entered into negotiations and ultimately an agreement in which Knott purchased certain assets from Wagner. Knott made representations to Wagner about his financial condition because the purchase involved installment payments. Knott subsequently defaulted on his obligations under the agreement. Wagner sued Knott in the United States District Court for the Northern District of

Illinois, Case No. 02 C 5138 ("District Court Action"). In January of 2003, Knott transferred by quit claim deed a condominium known as 1501 N. Parkway, Chicago, Illinois to his wife. The value was approximately $700,000. On April 21, 2003, Wagner obtained a judgment in the District Court Action against Knott in the amount of $963,858. Knott filed for bankruptcy protection on September 20, 2004.

## Discussion

Wagner seeks relief under §727(a)(2) of the Bankruptcy Code, 11 U.S.C. §§101, *et seq.*, which provides that:

> a) The court shall grant the debtor a discharge, unless--
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
> (A) property of the debtor, within one year before the date of the filing of the petition;

The face of the statute requires that the transfer at issue have taken place within one year of the filing of the bankruptcy petition. Here, the petition was filed 20 months after the transfer at issue. Therefore, the complaint fails to state a cause of action under §727(a)(2).

Generally, federal pleading standards require a plaintiff to do no more than "state the nature of the claim; details can wait for later stages, such as an evidentiary hearing ... or summary judgment ..." Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002). Moreover, the court must take as true all well pleaded material facts in the complaint, and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to the plaintiff. See Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995); Infinity Broadcasting Corp. of Illinois v. Prudential Ins. Co. of America, 869 F.2d 1073, 1075 (7th Cir.

1989); Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir.1989); Marmon Group, Inc. v. Rexnord, Inc., 822 F.2d 31, 34 (7th Cir.1987).

Nevertheless, the Seventh Circuit has emphasized that "[d]espite their liberality on pleading matters ... the federal rules still require that a complaint allege facts that, if proven, would provide an adequate basis for each claim." Gray v. Dane County, 854 F.2d 179, 182 (7th Cir. 1988). A complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

The allegedly improper transfer of the condominium occurred twenty months prior to the filing of the bankruptcy petition. As a matter of law, the transfer does not come within the purview of the statute. The complaint fails to allege facts that, if proven, would provide a basis for the cause of action.

In his motion to dismiss the complaint, Knott himself raises the issue of the "continuing concealment" doctrine. "If the objectionable act occurred more than a year before bankruptcy, it may still provide a basis for objection to discharge if it operates as a continuing concealment." Collier on Bankruptcy, vol. 6, para. 727.02[2][b] (15th ed. rev). He then knocks down this straw man: the complaint itself contains an allegation that Knott testified in a deposition in November 2003 in the District Court Action that the condominium belonged to his wife. Wagner pleads no facts to support a theory of continuing concealment and alleges facts which, if proven, would fly in the face of such a theory.

Even in Wagner's papers responding to the motion, Wagner alleges no facts that show that Knott concealed his transfer of the condominium to his wife. She relies on Friedell v. Kauffman (In re Kauffman), 675 F.2d 127 (7th Cir. 1981) for the proposition that a "transfer of

title with attendant circumstances indicating that the bankrupt continues to use the property as his own is sufficient to constitute a concealment." Id. at 128. She does not allege that Knott continued to use the property as his own. In the Kauffman case, the debtor transferred ownership of his house to his wife. He then took out personal loans using the house as collateral, lived in the house, made mortgage, tax and insurance payments on the house and listed the property as an asset on personal financial statements. In this case, no such allegations are made and the court must assume that there are none.

## Conclusion

For the foregoing reasons, the motion will be granted and the complaint will be dismissed for failure to state a cause of action.

**ENTERED:**

**Date: August 2, 2005**

_____
John D. Schwartz
United States Bankruptcy Judge